UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE RUSHING, | No. 2:14-cv-1984 CKD P |
| Petitioner, | |
| v. | ORDER |
| BUTTE COUNTY JAIL, et al., | |
| Respondents. | |

Petitioner is a pretrial detainee proceeding pro se who has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

I. Unlawful Confinement

Petitioner asserts that he is being unlawfully detained in the Butte County Jail while awaiting trial. (ECF No. 1 at 2.) Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist to reveal an absence of state processes effective

to protect a federal right.  See Ex parte Royall, 117 U.S. 241, 245–254 (1886); Fay v. Noia, 372 U.S. 391 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977), and Coleman v. Thompson, 501 U.S. 722 (1991).  Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised.  See Mannes v. Gillespie, 967 F.2d 1310, 1311–1312 (9th Cir. 1992).

Further, a federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances.  Younger v. Harris, 401 U.S. 37 (1971).  Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Here, petitioner admits that criminal proceedings are pending at the pretrial stage.  The proceedings involve the important state interest of not having a federal court interfere in ongoing state criminal proceedings to try collateral issues in piecemeal fashion.  See Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994).  Finally, it appears that petitioner has access to processes in which he may raise his constitutional issues, including all generally available pretrial and trial processes, and, if petitioner is convicted, the appellate process in the state appellate courts.  Thus, petitioner has an adequate opportunity to raise his constitutional claims.

The court need not abstain if there are extraordinary circumstances, such as when the state court proceedings were undertaken for bad faith or for purposes of harassment, or where the statute defining a criminal offense at issue is "flagrantly and patently violative of express constitutional prohibitions."  Dubinka, 23 F.3d at 25; see, Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 816 (9th Cir. 1989).  Petitioner has made no showing that such extraordinary circumstances are present.

In sum, insofar as petitioner is challenging the legality of his confinement as a pretrial detainee, the petition is premature, and the court will abstain from the exercise of jurisdiction. Where, as here, the Younger abstention doctrine applies, it is appropriate to dismiss the action. See Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

II. Conditions of Confinement

Petitioner also makes allegations concerning his conditions of confinement, specifically the medical care he is receiving in jail.

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  Here, as petitioner's medical claims do not relate to or affect the duration of his confinement, they are not properly brought within this federal habeas action and are also subject to dismissal.[1]

III. Rule 4 Dismissal

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition will be summarily dismissed pursuant to Rule 4.

////
////
////
////
////
////

---

[1] Petitioner may re-file his medical claims in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $350.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).  A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 7) is granted;

2. The petition (ECF No. 1) is dismissed without prejudice pursuant to Rule 4; and

3. The Clerk of Court shall close this case.

Dated: September 17, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / meye1462.R4